**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUTH R. MORRIS; et al., | No. 16-35973 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-00006-SEH |
| v. | |
| THE ESTATE OF STORRS M. BISHOP, III, | MEMORANDUM and ORDER[*] |
| Defendant, | |
| and | |
| PROGRESSIVE NORTHWESTERN INSURANCE COMPANY, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted July 31, 2019[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS, TASHIMA, and GRABER, Circuit Judges.

Appellants seek a declaration that they are entitled to recover based on the combined, or "stacked," liability coverage limits for all three motor vehicles Appellee insured under Storrs M. Bishop III's insurance policy (the "Policy"). Appellee filed a counterclaim for declaratory relief, and both parties moved for summary judgment. Appellants now appeal the adverse grant of summary judgment in Appellee's favor. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.     Under Montana law, the starting point for an analysis regarding stacking of motor vehicle liability coverage is Montana Code Annotated section 33-23-203, which "defers to the provisions of the subject policy." *Cross v. Warren*, 435 P.3d 1202, 1207 (Mont. 2019). Here, the Policy's anti-stacking provisions are identical to those the Montana Supreme Court recently found to "specifically and unambiguously" foreclose stacking in *Cross*. *See id.* 1207–08. Because "public policy considerations do not require judicial voiding" of anti-stacking provisions as applied to liability

coverage, those provisions must be enforced. *Id.* at 1209. Thus, Appellants are not entitled to stacked liability coverage.[1]

    2.      Appellant's motion for judicial notice [Dkt. #22] is granted.

    **AFFIRMED.**

---

[1]Appellants' acquisition of an assignment of rights under the Policy is irrelevant because the assignment does not make the liability coverage they seek "personal and portable," and thus does not require judicial voiding of the otherwise unambiguous anti-stacking provisions. *See id.* at 1209 (holding that "liability coverage is tied to a particular vehicle's use and is not personal and portable); *see also id.* at 1212 n.1 (McKinnon, J., concurring) (recognizing that liability coverage "does not become personal or portable through an assignment").